IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

MICHAEL OWENS, )
)
Plaintiff, )
)
v. ) CV 106-088
)
MICHAEL J. ASTRUE, Commissioner )
of Social Security Administration,[1] )
)
Defendant. )

___

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

___

Michael Owens ("Plaintiff") appeals the decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB") and supplemental security income ("SSI") benefits under the Social Security Act. Upon consideration of the briefs submitted by counsel, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

___

[1]The Court takes judicial notice that on February 12, 2007, Michael J. Astrue was sworn in as the Commissioner of the United States Social Security Administration. Accordingly, pursuant to Fed. R. Civ. P. 25(d)(1), the Clerk is **DIRECTED** to substitute Michael J. Astrue as Defendant in this case.

# I. BACKGROUND

Based upon claims of disability dating back to December 1, 2001, Plaintiff applied for DIB and SSI with a protective filing date of June 4, 2003. Tr. ("R."), pp. 47-49, 50-51, 53. The Social Security Administration denied his original claims, R. 20, 21-24, and his request for reconsideration. R. 19, 27-30. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"). R. 31-32. Represented by counsel, Plaintiff appeared and testified at a Video Teleconference Hearing on September 2, 2005.[2] R. 345-67. The ALJ then issued an unfavorable decision dated October 5, 2005. R. 8-16.

Applying the sequential process required by 20 C.F.R. §§ 404.1520 and 416.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since the alleged onset of disability (20 CFR §§ 404.1520(b) and 416.920(b)).

2. The claimant has the following severe impairment: uncontrolled hypertension (20 CFR §§ 404.1520(c) and 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR 404, Subpart P, Appendix 1, Regulations No. 4 (20 CFR §§ 404.1520(d) and 416.920(d)).

4. The claimant has the residual functional capacity to perform light work, in that he is able to lift/carry up to 20 pounds occasionally and 10 pounds frequently, stand/walk at least 6 hours in an 8 hour work day and sit for 6 hours in an 8 hour work day. The claimant's past relevant work as a paper mill worker (lumbar stacker, log mover) and construction laborer does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR §§ 404.1565 and 416.965).

---

[2]Vocational Expert ("VE") Nancy Harter also testified at the hearing. R.360-66.

2

R. 13-15. Because the ALJ determined that Plaintiff could perform his past relevant work, the sequential evaluation process stopped, see 20 C.F.R. §§ 404.1520(a)(4)(iv) and 416.920(a)(4)(iv), and the ALJ concluded that Plaintiff "was not under a 'disability' as defined in the Social Security Act, at any time from the alleged onset date through the date of the decision (20 CFR §§ 404.1520(f) and 416.920(f))." R. 15.

When the Appeals Council ("AC") denied Plaintiff's request for review, the ALJ's decision became the final decision of the Commissioner. R. 3-6. Having failed to convince the AC to review his case, Plaintiff filed this civil action in the United States District Court for the Southern District of Georgia requesting a reversal or remand of that adverse decision. Plaintiff now argues that the ALJ (1) erred in determining that Plaintiff had the residual functional capacity ("RFC") for light work and therefore could perform his past relevant work, (2) erred in evaluating Plaintiff's impairments singularly or in combination, (3) failed to give proper weight to the opinion of a treating physician, and (4) failed to properly evaluate Plaintiff's subjective complaints of pain.

## II. THE STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commis-

sioner's. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to his conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III. DISCUSSION

A. **RFC for Light Work and Ability to Perform Past Relevant Work**

Plaintiff generally argues that the Commissioner erred at steps four and five of the sequential evaluation process because he maintains that he cannot return to his past work, and the VE testified that if Plaintiff's complaints about not being able to walk more than forty feet, falling, laying down two hours per day to alleviate back pain, and not performing many chores around his residence were to be believed, there is no light work that Plaintiff can perform.[3] Pl.'s Br., p. 7. However, Plaintiff's argument about the VE has put the "cart before the horse" because once the ALJ determined that Plaintiff could return to his prior work, the sequential evaluation process stopped. As the burden never shifted to the Commissioner at step five of the evaluation process, Plaintiff's arguments concerning what should have been done at step five with respect to consideration of the VE's response to counsel's hypothetical, are of no consequence unless he can first show that the ALJ erred in determining that he could return to his prior work. See Francis v. Heckler, 749 F.2d 1562, 1564 (11th Cir. 1985) (burden shifts to Commissioner to show claimant can perform other

---

[3]Light work involves:

> lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. §§ 404.1567(b) & 416.967(b).

5

work in national economy once ALJ determines that prior work can no longer be performed). Thus, the Court turns its attention to Plaintiff's arguments concerning his alleged inability to perform his prior work.

The Court notes from the outset that Plaintiff bears the burden of proving that he is unable to perform his previous work. Lucas v. Sullivan, 918 F.2d 1567, 1571 (11th Cir. 1990); Sewell v. Bowen, 792 F.2d 1065, 1067 (11th Cir. 1986). Moreover, Plaintiff must show that he is unable to do the previous type of work he performed, not merely the specific job that he held. Jackson v. Bowen, 801 F.2d 1291, 1293 (11th Cir. 1986) (*per curiam*) ("A claimant has to 'show an inability to return to [his] previous work (*i.e.*, occupation), and not simply to [his] specific prior job.'" (citation omitted)); see also Dudley v. Apfel, 75 F. Supp.2d 1381, 1382 (N.D. Ga. 1999) (finding that under Social Security Ruling 82-61, claimant can return to past relevant work if he can perform the job previously held, either in the manner previously performed, or as usually performed in the national economy). Plaintiff does not contest the ALJ's description of his prior work, but rather contends that had the ALJ properly considered his impairments, the opinion of his treating physician, and his subjective complaints of pain, the ALJ would have determined that Plaintiff does not have the RFC for light work and cannot perform the requirements of his prior work. The Court will address each contention in turn.

**B.  Consideration of Impairments, Singularly and in Combination**

In support of his argument that he does not have the RFC for light work and thus his past relevant work, Plaintiff first argues that the ALJ erred by not finding that Plaintiff's combination of impairments met a Listing in Appendix 1, Subpart P of Regulations No. 4.

6

Specifically, Plaintiff claims that he meets Listing 1.02, which is entitled "Major dysfunction of a joint(s) (due to any cause)."[4] Pl.'s Br., pp. 3-4. The criteria for major dysfunction of a joint are: 1) gross anatomical deformity, 2) chronic pain and stiffness resulting in limitation of motion or abnormal joint motion, and 3) findings via "medically acceptable imaging" of joint space narrowing, bony destruction, or ankylosis of the affected joint(s). Listing 1.02A, 20 C.F.R. Part 404, Subpt. P, App. 1 (2006). In addition, the joint dysfunction must lead to the inability to ambulate effectively.[5, 6] Id.

The ALJ noted (R. 15), and Plaintiff concedes (Pl.'s Br., p. 4), that there is no x-ray evidence to confirm Plaintiff's claims of arthritis. In the absence of the required evidence to satisfy all the requirements of Listing 1.02, in particular the requirement for "medically acceptable imaging," Plaintiff's argument that he meets Listing 1.02 must fail.

---

[4]"To 'meet' a Listing, a claimant must have a diagnosis included in the Listings and must provide medical reports documenting that the conditions meet the specific criteria of the Listings and the duration requirement." Wilson v. Barnhart, 284 F.3d 1219, 1224 (11th Cir. 2002) (*per curiam*) (citing 20 C.F.R. § 404.1525(a)-(d)).

[5]The Court notes that a claimant who contends that his impairment meets or equals a listing must present medical evidence as to *all* the specified criteria. Sullivan v. Zebley, 493 U.S. 521, 530 (1990) ("For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify.").

[6]The inability to perform fine or gross movements effectively as a result of the involvement of one major peripheral joint in each upper extremity may satisfy the "additional requirement," rather than the ambulation requirement noted above, but Plaintiff does not make any argument concerning fine and gross movements. Thus, based on Plaintiff's complaints about his inability to ambulate (Pl.'s Br., pp. 2,6; R. 352), in combination with the lack of argument concerning fine and gross movements, the Court presumes that he contends he meets the Listing based on the criteria listed in the text above.

To the extent that Plaintiff generally argues that the ALJ did not consider the combined effects of Plaintiff's impairments (Pl.'s Br., p. 5), that argument must also fail. According to Plaintiff, the ALJ did not adequately consider the combined effects of his pain and stiffness from arthritis, dizziness from uncontrolled hypertension, shortness of breath from Chronic Obstructive Pulmonary Disease ("COPD"), and restrictions in mental functioning. Id. at 3-5. However, as the Commissioner points out (Comm'r Br., pp. 8-11), the ALJ acknowledged and discussed Plaintiff's arthritis, hypertension, COPD, and a discredited diagnosis of borderline intellectual functioning. R. 13-15. The ALJ also acknowledged that consultative examiners had offered opinions on Plaintiff's non-severe mental impairment. R. 15 (citing R. 253-66, 267-74, 275-82, and 291-304).

Upon review of all of these impairments, the ALJ concluded, "Claimant does not have an <u>impairment or combination of impairments</u> that meets or medically equals one of the listed impairments in 20 CFR 404, Subpart P, Appendix 1, Regulations No. 4 (20 CFR §§ 404.1520(d) and 416.920(d))." R. 14 (emphasis added). In the Eleventh Circuit, use of the language indicating consideration of an impairment, <u>or combination of impairments</u>, is a sufficient basis upon which to conclude that the ALJ considered the combined effect of Plaintiff's impairments. <u>Wilson v. Barnhart</u>, 284 F.3d 1219, 1224-25 (11th Cir. 2002) (*per curiam*) (citing <u>Jones v. Dep't of Health and Human Servs.</u>, 941 F.2d 1529, 1533 (11th Cir. 1991) (*per curiam*). As the ALJ's opinion took into account Plaintiff's multiple impairments and stated that she considered Plaintiff's impairments in combination, Plaintiff's argument on this point is without merit.

## C. Weight Accorded to Treating Physician's Opinion

Plaintiff also argues that the ALJ failed to accord appropriate weight to the opinion of his treating physician, Carlos Miguel Cossio, M.D. Pl.'s Br., pp. 8-9. In the Eleventh Circuit, a treating physician's opinion must be given substantial weight. Hillsman v. Bowen, 804 F.2d 1179, 1181 (11th Cir. 1986) (*per curiam*). Refusal to give a treating physician's opinion substantial weight requires that the Commissioner show good cause. Schnorr v. Bowen, 816 F.2d 578, 581 (11th Cir. 1987). "The [Commissioner] must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986). The Commissioner, however, is not obligated to agree with a medical opinion if the evidence tends toward a contrary conclusion. Sryock v. Heckler, 764 F.2d 834, 835 (11th Cir. 1985) (*per curiam*). Indeed, a treating physician's opinion may be properly discounted if it is unsupported by objective medical evidence, is merely conclusory, or is inconsistent with the physician's medical records. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); Edwards v. Sullivan, 937 F.2d 580, 583-84 (11th Cir. 1991).

Here, Plaintiff challenges the ALJ's decision to discount Dr. Cossio's opinion, and he argues that because Dr. Cossio treated him from 1993 through the present, Dr. Cossio's "opinion should weigh more as the treating physician compared to a cursory consultative evaluation." Pl.'s Br., p. 9. First, the Court notes that Plaintiff's claim that Dr. Cossio treated him since 1993 is somewhat suspect, as the earliest treatment notes from Dr. Cossio in the administrative record date only to June of 2003. Cf. R. 315 (questionnaire from doctor identifying treatment start date as June 1993) with R. 223 (treatment notes dated June 4,

2003 to Feb. 6, 2004), R. 306 (treatment notes dated May 7, 2004 to Feb. 21, 2005), R. 321 (treatment notes dated Dec. 4, 2004 to Aug. 18, 2005), and R. 360 (testimony from Plaintiff at 2005 hearing that Dr. Cossio has provided treatment for three to five years). Second, although Plaintiff complains that Dr. Cossio's opinion was improperly discounted in favor of the opinion of a consultative examiner, Plaintiff fails to identify which of several consultative examiners with whom he disagrees. See R. 14 (discrediting portions of consultative examinations performed by Douglas S. Payne, Ph.D., and by Diana M. Whiteman, M.D.); R. 15 (crediting "generally" assessments by consultative examiners Linda Mae O'Neil, M.D., Luis Suarez, Jr., M.D., Charles E. Bailey, M.D., and Spurgeon N. Cole, Ph.D.). In light of this failure to specifically identify which consultative examination Plaintiff alleges contradicts Dr. Cossio's opinion, the Court turns its attention to whether the ALJ properly discredited Dr. Cossio's opinion of Plaintiff's medical condition.

According to a Physical Residual Functional Capacity Questionnaire from Dr. Cossio, dated March 25, 2005, Plaintiff has osteoarthritis of the knees and hypertension, with a guarded prognosis. R. 315. He opines that Plaintiff can walk three city blocks without rest or severe pain and can sit two hours at a time, R. 316, but Dr. Cossio also opines that Plaintiff must walk for ten minutes at a time, every forty-five minutes. R. 317. Dr. Cossio also opines that Plaintiff can occasionally lift ten pounds, but rarely twenty pounds. R. 317. Dr. Cossio states that Plaintiff would likely have to miss about three days of work per month. R. 318. Plaintiff contends that this opinion supports his disability claim.

In discounting Dr. Cossio's opinion, the ALJ accurately noted that there are internal inconsistencies in Dr. Cossio's statements, such as limiting Plaintiff to two hours of sitting

at one time but then also stating that Plaintiff must walk around every forty-five minutes. R. 15. The ALJ also notes that there are no records to support Dr. Cossio's findings. R. 15. Indeed, the administrative record confirms that there are treatment notes from Dr. Cossio, but no test results, x-rays, or other medical evidence to support Dr. Cossio's opinions.[7] R. 223-31, 306-14, 315-20, 321-39.[8] When x-rays were taken of Plaintiff's lumbar spine, right hand, and left foot as part of a consultative examination, as the ALJ pointed out, the results were normal. R. 15 (citing R. 243-45). Although it is true that Dr. Cossio is properly labeled as a treating physician by virtue of his on-going relationship with Plaintiff, the fact is that there is simply a dearth of medically verifiable information to support his opinions, and as the ALJ pointed out and as was discussed above, the opinions are, at times, internally inconsistent. In light of the lack of supporting documentation for Dr. Cossio's opinions, the internal inconsistencies in his assessments, and the opinions of the consultative examiners,[9] Dr. Cossio's opinion was properly discounted.

---

[7]The lack of medical documentation might explain why Dr. Cossio's opinion on the location of Plaintiff's arthritis has a tendency to change over time. Cf. R. 226 (osteoarthritis of knees and ankles on Oct. 15, 2003) with R. 231 (osteoarthritis of shoulders, hips, and ankles on June 4, 2003).

[8]There are two pages of what appear to be the results of blood tests from 2003, R. 333-34, but Plaintiff does not tie these records to any of Dr. Cossio's opinions upon which Plaintiff is making his claim of disability.

[9]According to Social Security Ruling 96-6p, findings of fact made by State Agency medical consultants regarding the nature and severity of an individual's impairments must be treated as expert opinion evidence of a nonexamining source at the ALJ and AC levels of administrative review. Although ALJs are not bound by the findings of state agency doctors, "they may not ignore these opinions and must explain the weight given to the opinions in their decisions." SSR 96-6p. Plaintiff has not specifically challenged the findings of any particular medical consultant, and a review of the ALJ's opinion shows that the opinions of these examiners were considered by the ALJ in reaching her decision. R. 14-15.

In sum, the Court finds that the ALJ properly discounted the, at times, inconsistent assessments of Dr. Cossio that were not supported by objective medical evidence. Moreover, the other evidence of record supported the ALJ's decision to discount Dr. Cossio's opinions and his findings of limitations on Plaintiff's abilities for work. Thus, there was no error in the ALJ's assessment of this treating physician's opinion.

## D.  Subjective Complaints of Pain

Lastly, Plaintiff argues that the ALJ did not adequately discredit his subjective complaints of pain. The Eleventh Circuit has established a three-pronged test for evaluating a claimant's complaints of pain and other subjective symptoms. Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991) (*per curiam*). Under the Eleventh Circuit's pain standard, Plaintiff must show: (1) evidence of an underlying medical condition, and either (2) objective medical evidence that confirms the severity of the alleged pain or the restriction arising therefrom, or (3) that the objectively determined medical condition is such that it can reasonably be expected to give rise to the claimed pain or restriction. Id. When discrediting a claimant's subjective allegations of disabling pain, the ALJ must articulate "explicit and adequate" reasons for doing so, or "the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995) (*per curiam*).

"Credibility determinations are, of course, for the [Commissioner], not the courts." Ryan v. Heckler, 762 F.2d 939, 942 (11th Cir. 1985). Moreover, this Court is required to uphold the Commissioner's credibility determination if it is supported by substantial

12

evidence. Fortenberry v. Harris, 612 F.2d 947, 950 (5th Cir. 1980) (*per curiam*). As the Eleventh Circuit has explained:

> Although this circuit does not require an explicit finding as to credibility, . . . the implication must be obvious to the reviewing court. The credibility determination does not need to cite particular phrases or formulations but it cannot merely be a broad rejection which is not enough to enable [the district court or this Court] to conclude that [the ALJ] considered [his] medical condition as a whole.

Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (internal quotation marks and citations omitted).

Here, the ALJ's written decision clearly reflects that the Holt analysis was appropriately followed when reaching the conclusion that, although Plaintiff had medically determinable impairments that could reasonably be expected to produce the symptoms alleged by Plaintiff, the alleged intensity, duration and limiting effects of those symptoms were not entirely credible. R. 15. The ALJ addressed each prong of the Holt analysis as described above, and the substantial evidence in the record supports his findings.

First, the ALJ acknowledged that there was evidence of an underlying medical condition constituting a severe impairment: "uncontrolled hypertension." R. 13, 15. However, Plaintiff contends that the ALJ should have given more credit to Plaintiff's alleged symptoms caused by arthritis. Pl.'s Br., pp. 6-7. Specifically, Plaintiff contends that the ALJ improperly discredited Plaintiff's complaints of pain merely because there was no x-ray evidence to support Plaintiff's complaints of arthritis in his hands and feet. Plaintiff also complains that the ALJ ignored third party testimony concerning Plaintiff's walking with a limp and pain in his hands. Pl.'s Br., pp. 6-7 (citing R. 67, 98).

13

As to the issue of whether the ALJ improperly discredited Plaintiff's complaints about arthritis pain because of the lack of x-ray verification of the existence of arthritis, Plaintiff's argument is without merit. Under Social Security Ruling 96-7p, although "[a]n individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence," an ALJ may consider results (or lack thereof) of diagnostic tests, along with "[d]iagnosis, prognosis, and other medical opinions provided by treating or examining physicians or psychologists and other medical sources." SSR 96-7p. Thus, the ALJ's mere mention of the lack of x-ray support, R. 15, is not fatal to the credibility analysis. Stated otherwise, the ALJ adequately identified reasons other than the lack of x-ray evidence to discredit Plaintiff's subjective complaints. Accord Johnson v. Apfel, No. Civ. A. 98-0264-P-G, 2000 WL 205091, at *7 (S.D. Ala. Feb. 4, 2000) (rejecting claimant's argument that ALJ improperly required test results to prove existence of pain where ALJ also relied on multiple other reasons to discount subjective complaints).

In addressing Plaintiff's allegations of the intensity, duration, and limiting effects of Plaintiff's symptoms, the ALJ specifically stated that she had considered the entire record.[10] R. 15. In particular, the ALJ specifically acknowledged that Plaintiff stated at the hearing that he was disabled because of arthritis and hypertension. R. 14. The ALJ also recognized

---

[10]The ALJ indicated that her decision was based on a review of the entirety of the record in several places in the decision: "[u]pon reviewing all of the evidence of record . . . ," R. 12, "[a]fter careful consideration of the entire record. . . ," R. 13, "[u]pon consideration of the evidence of record. . . ," R. 15, and "[b]ased on my review of the complete record, including testimony given at the hearing. . . ." R. 15.

Plaintiff claimed that he could not stay in the sun because of his blood pressure medication and that arthritis in his hands and feet limited him to walking only 40 feet and lifting no more than fifteen (15) pounds off the ground. R. 14, 351-52. However, in discrediting Plaintiff's subjective complaints, the ALJ reviewed the medical evidence of record, properly discounting the opinion of Dr. Cossio (as discussed in detail above) and otherwise adopting portions of the State Agency consultants' opinions.[11] R. 13-15. Moreover, other than the discredited opinion of Dr. Cossio, the diagnoses upon which Plaintiff relies to support his claim that he has disabling arthritis (Pl.'s Br., p. 4) do not contain information about how the arthritis had impacted, or would be expected to impact, Plaintiff's daily activities or ability to work. See R. 163 (reports of foot/ankle swelling at the Georgia Pines Medical Center), R. 248 (diagnosis from consultative examiner Dr. Diana Whiteman of possible osteoarthritis). There is also evidence in the record that Plaintiff could perform some household chores such as laundry, washing dishes, vacuuming, and light cooking, as well as participating in limited gardening activities. R. 101, 120-21, 129, 240, 354. Thus, although the ALJ may have relied to some extent on the lack of x-ray evidence to discredit the severity of Plaintiff's subjective complaints, there were other factors in the record upon which the ALJ relied to discount Plaintiff's complaints.

Turning next to the issue of whether the ALJ improperly ignored third party testimony concerning Plaintiff's walking with a limp and pain in his hands, "there is no

---

[11] As noted in footnote 9, *supra*, under SSR 96-6p, findings of fact made by State Agency medical consultants regarding the nature and severity of an individual's impairments must be treated as expert opinion evidence of a nonexamining source at the ALJ and AC levels of administrative review.

requirement that the ALJ specifically refer to every piece of evidence in [her] decision." Dyer, 395 F.3d at 1211. Because the testimony about Plaintiff's limp and pain in his hands from the third parties duplicated Plaintiff's subjective complaints, which were specifically addressed, it is clear that the ALJ rejected the third party information by implication. Carter v. Astrue, No. 07-10576, 2007 WL 1885574, at *2 (11th Cir. July 2, 2007) (*per curiam*); see also Carlson v. Shalala, 999 F.2d 180, 181 (7th Cir. 1993) (*per curiam*) (finding that an ALJ does not err by failing to discuss redundant spousal testimony that essentially corroborated the claimant's subjective complaints, which were discussed). So long as an ALJ's credibility findings are "obvious to the reviewing court," such findings may be by implication rather than by explicit recitation. Dyer, 395 F.3d at 1210 (citing Tieniber v. Heckler, 720 F.2d 1251, 1255 (11th Cir. 1983) (*per curiam*)). Thus, although the ALJ may not have explicitly mentioned the testimony of Plaintiff's daughter and the observations of a social security worker who interviewed Plaintiff for his disability application, Plaintiff had testified about his trouble walking and lifting heavy items, R. 351-52, and that testimony was specifically addressed by the ALJ. R. 14. Thus, there was no error in failing to address the redundant testimony of third parties.

In sum, in satisfying the requirements of Holt, the ALJ sufficiently explained her reasons for discounting Plaintiff's credibility. The ALJ's credibility determination was based on the record as a whole, and she adequately articulated the basis for her determination in her written decision. The ALJ reviewed Plaintiff's medical records and properly considered Plaintiff's own testimony regarding his level of pain under the Holt standard. She also had the opportunity to consider Plaintiff's description of his daily activities and to note

16

incongruities between Plaintiff's subjective testimony and the objectively supported medical opinions in the record. Taken in total, it is apparent that the ALJ rejected Plaintiff's subjective complaints after thoroughly evaluating the evidence in the record. Clearly articulated credibility findings such as these, which are supported by substantial evidence, will not be disturbed by a reviewing court. Foote, 67 F.3d at 1562. Given the absence of credible support for the severity of Plaintiff's claims and the ALJ's clearly articulated reasons for discrediting the claims, Plaintiff's subjective complaints of disabling pain were properly discredited. Accordingly, Plaintiff's argument on this point fails.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 18th day of July, 2007, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE